UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GUILLERMINA GUTIERREZ, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. M-12-326 |
| | § | |
| COMPANION PROPERTY & | § | |
| CASUALTY INSURANCE COMPANY, | § | |
| *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is a motion to remand filed by Guillermina Gutierrez ("Plaintiff").[1] After considering the motion, response, record, and governing authorities, the Court **GRANTS** the motion.

**I.     Preliminary Matter**

In a recent case involving Plaintiff's counsel, the Court addressed its concerns regarding the quality of Plaintiff's counsel's work product.[2] Because Plaintiff's counsel has not filed any documents in this case since the Court issued that order, the Court will not repeat its concerns here. The Court assumes that Plaintiff's counsel will exercise more care in the future.

**II.    Background**

Plaintiff alleges that her home was damaged by a wind and hail storm on March 29, 2012.[3] Apparently dissatisfied with the handling of her insurance claim she sued Companion Property and Casualty Insurance Company ("Companion") and Wellington Claim Service, Inc.

---

[1] Dkt. No. 6.
[2] *See* 7:12-cv-288 at Dkt. No. 7.
[3] Dkt. No. 1-2 at pp. 3-4.

("Wellington") (collectively, "Defendants").[4] Plaintiff alleges that Companion is "an insurance company operating in the State of Texas procuring and adjusting policies in Texas."[5] Plaintiff alleges that Wellington is "a third party claim administrator operating in the State of Texas procuring and adjusting policies in Texas."[6] In the state court petition, Plaintiff includes the following theories of liability: breach of contract; violations of the Texas Insurance Code and the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"); breach of duty of good faith and fair dealing; and fraud.[7]

Defendant Companion removed this case pursuant to 28 U.S.C. §§ 1441 and 1446 on September 14, 2012, claiming that this Court had jurisdiction pursuant to 28 U.S.C. § 1332.[8] Specifically, Companion asserted that the amount in controversy exceeded $75,000 and that there was complete diversity because Wellington, the non-diverse defendant, was improperly joined.[9] Plaintiff moved for remand asserting that Wellington is properly joined.[10]

### III.   Analysis

The Court does not have subject matter jurisdiction under 28 U.S.C. § 1332 unless the parties are completely diverse and the amount in controversy exceeds $75,000. It is undisputed that the amount in controversy requirement is satisfied. Thus, Defendants must prevail on the improper joinder issue in order to avoid remand.

The Court notes that "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[11] Here, the issue of improper joinder is before the Court. The Fifth Circuit has stated that "[t]he doctrine of improper joinder is a narrow exception to the

---

[4] Dkt. No. 1-2.
[5] *Id*. at p. 2.
[6] *Id*. at p. 3.
[7] *Id*. at pp. 3-11.
[8] Dkt. No. 1.
[9] Dkt. No. 1 at pp. 2-8.
[10] Dkt. No. 6. at pp. 4-11.
[11] Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted).

rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a heavy one."[12]   "[T]he Court must resolve all ambiguities of state law in favor of the non-removing party."[13]

When the Court is considering whether a party was improperly joined, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[14] The Court "determin[es] removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal."[15]   The Court notes that a 12(b)(6)-*type* analysis is distinguishable from a pure 12(b)(6) analysis; in the improper joinder context, the Court evaluates the petition under the state court pleading standards.[16]   The Supreme Court of Texas has stated:

> In determining whether a cause of action was pled, plaintiff's pleadings must be adequate for the court to be able, from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty and without resorting to information aliunde the elements of plaintiff's cause of action and the relief sought with sufficient information upon which to base a judgment.[17]

In other words, the pleading must state a cause of action and give fair notice of the relief sought.[18]

Although the Court *is permitted* to pierce the pleadings in certain improper joinder analyses,[19] it *is not required* to do so.  The Court should do so "only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state

---

[12] Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (internal quotation marks and citations omitted).
[13] *Id*. (internal quotation marks and citation omitted).
[14] Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citations omitted).
[15] Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).
[16] For Judge Rosenthal's thorough explanation of why the Court uses the state court pleading standards in the improper joinder context, *see* Edwea, Inc. v. Allstate Ins. Co., Civ. No. H-10-2970, 2010 WL 5099607 (S.D. Tex. Dec. 8, 2010).
[17] Stoner v. Thompson, 578 S.W.2d 679, 683 (Tex. 1979) (citation omitted).
[18] *Id*., Tex. R. Civ. P. 45 & 47.
[19] *Smallwood*, 385 F.3d at 573.

defendant."[20]  A review of Plaintiff's motion to remand and its attachments and Defendants' response and its attachments does not convince the Court that it should pierce the pleadings here. This means the Court will not look beyond the state court petition.

The Court must determine whether the state Court petition states a claim against Wellington.  At the outset, the Court notes that the state court petition identifies the two defendants, Companion and Wellington, jointly in the singular form as "Defendant" in the opening paragraph and thereafter directs allegations at "Defendant."  Based on the state court petition, it is unclear whether the various allegations against "Defendant" are referring to Companion, or Wellington, or both.  Consistent with its obligation to resolve doubts in favor of remand, the Court interprets the term "Defendant" to include Wellington anytime there is an allegation that could logically be directed at a third party claim administrator that is adjusting and procuring policies in Texas.

> Turning to the state court petition, it includes the following allegations by Plaintiff:
>
> "[Wellington] is a third party claim administrator operating in the State of Texas procuring and adjusting policies in Texas."[21]
>
> "Defendant hired and/or assigned an adjuster to adjust the claim."[22]
>
> "Defendant's adjuster and Defendant failed to properly adjust the claims and Defendant has denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff."[23]
>
> "Plaintiff's claim(s) still remain unpaid and the Plaintiff still has not been able to properly repair the Property."[24]

---

[20] *Id.* at 573-574.
[21] Dkt. No. 1-2 at p. 3.
[22] *Id.* at p. 4.
[23] *Id.* at p. 4.
[24] *Id.* at p. 4.

> "Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence."[25]

> "Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property."[26]

> "As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action."[27]

> "The above described acts, omissions, failures and conduct of Defendant has caused Plaintiff's damages which include, without limitation, the cost to properly repair Plaintiff's home and any investigative and engineering fees incurred in the claim."[28]

The petition further alleges that Wellington violated § 541.060 of the Texas Insurance Code. Section 541.060 states in part:

> (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary: . . . (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; . . . (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim; . . . .[29]

The Court will now consider Defendants' arguments that the petition does not state a claim against Wellington.

Defendants urge the Court to apply the federal court pleading standard.[30] After considering Defendants arguments on this point, the Court remains completely convinced that

---

[25] *Id*. at p. 4.
[26] *Id*. at p. 5.
[27] *Id*. at p. 6.
[28] *Id*. at p. 12.
[29] Tex. Ins. Code Ann. § 541.060 (West Supp. 2011).
[30] Dkt. No. 9 at ¶ 4.1.

the state court pleading standards apply in improper joinder analyses. **Furthermore, the application of the federal pleading standards here would raise serious federalism issues.**

The rest of Defendants' arguments are essentially summarized by the following excerpt from their response: "[T]he allegations here 'are really legal conclusions masquerading as factual allegations, and they lack factual support in the petition.' . . . [Plaintiff] fails to make the required '[f]actual fit between [her] allegations and the pleaded theory of recovery.'"[31] The Court disagrees.

Plaintiff's petition is sloppy, but it does state a claim against Wellington. The petition states that "[Wellington] is a third party claim administrator operating in the State of Texas procuring and adjusting policies in Texas." That is sufficient to allege that Wellington is a "person" subject to the insurance code.[32] Additionally, Plaintiff alleges that "Defendant failed to conduct a reasonable investigation[,]" "Defendant has denied at least a portion of the claims without an adequate investigation," and "Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence." These are sufficient factual allegations that Wellington violated portions of § 541.060 of the Texas Insurance Code. The petition also alleges that Wellington caused Plaintiff to suffer damages. Thus, the Court finds that the petition states a cause of action against Wellington and gives Wellington fair notice of the relief sought. That is sufficient to state a claim against Wellington under the state court pleading standards. Ultimately, the Court finds that Defendants have not met their burden of demonstrating that Wellington, the non-diverse defendant, is improperly joined.

---

[31] *Id.* at ¶ 4.3 (citations omitted).
[32] *See* Tex. Ins. Code Ann. § 541.002 (West Supp. 2011); *cf.* Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 280 & n.2, 282 (5th Cir. 2007) (citing Liberty Mut. Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 484-86 (Tex. 1998)).

**IV.     Conclusion**

After considering the motion, response, record and relevant authorities, the Court finds that Defendants have not met their burden of demonstrating that Wellington is improperly joined. Accordingly, the Court finds that it lacks jurisdiction because the parties are not completely diverse and **GRANTS** Plaintiff's motion to remand. Therefore, this case is remanded County Court at Law Number Five, Hidalgo County, Texas.

IT IS SO ORDERED.

DONE this 27th day of November, 2012, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE